UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

GABRIEL C. MURPHY,

Debtor.
_____________________________________________/

Case No: 2:17-bk-07843-FMD

Chapter 7

LUIS RIVERA, Chapter 7 Trustee of the Bankruptcy Estate of Gabriel C. Murphy,

Plaintiff,

vs.

Adv. Case No. 2:24-ap-00023-FMD

THE KATZ LAW FIRM, L.L., et al.,

Defendants.
_____________________________________________/

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINTS**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at **Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Fifth Floor, Room 555, Tampa, Florida 33602**, within 14 days from the date of the attached proof of service, plus an additional 3 days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Luis E. Rivera, chapter 7 trustee (the "Trustee") of the estate of Gabriel Craig Murphy in the Bankruptcy Case No. 2:17-bk-07843-FMD (the "Bankruptcy Case") and Adversary

Proceeding Case No. 2:24-ap-00023-FMD (the "Removed Action"), United States Bankruptcy Court, Middle District of Florida, Fort Myers Division (the "Bankruptcy Cases"), by counsel and pursuant to the Federal Rules of Bankruptcy Procedure 7015 and Federal Rules of Civil Procedure 15, hereby seeks an Order granting leave to amend its adversary complaint. In support of this *Motion*, Plaintiff states as follows:

## BACKGROUND

**1.** On July 9, 2024, the Trustee filed its *Notice of Removal* (Doc. 1).

**2.** After the Notice of removal was filed, over one hundred and fifty operative documents were filed in relation to the two actions removed from state court to this Court. This included the *Petition for Damages* (Doc. 20), the *Amended Petition for Damages* (Doc. 121), the *Amended Petition for Damages* (Doc 122), and the *Second Amended Petition for Damages* (Doc. 178).

**3.** On September 3, the Trustee filed the *Notice of Dismissal of Certain Defendants* (Doc. 193).

## RELIEF REQUESTED

**4.** The Trustee seeks leave to amend its original Complaint. Fed. R. Civ. P. 15(a)(2), incorporated through Fed. R. Bankr. P. 7015, provides that in all other cases "a party may amend its pleading with opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

**5.** The Trustee seeks leave to amend to clarify and potential consolidate the two state court proceedings removed to this Court. As noted in *Notice of Dismissal of Defendants* (Doc. 193) the Trustee has settled out ten defendants comprising or related to the I-Cap Group.

**6.** The Trustee has also settled with Robert Hepting and has also reached settlement in principle with defendants McLymont and Lagerstrom. The Trustee anticipates filing a motion to approve compromise pursuant to bankruptcy rule 9019 shortly after the disposition of the present motion for remand.

**7.** In total of the fifteen defendants in the *Petition for Damages*, the Trustee has already settled with or anticipates filing 9019 motions for ten of these defendants. Allowing the Trustee leave to file an amended complaint would be in the interest of judicial economy as the Trustee will eliminate redundant or unnecessary allegations to settled defendants.

**8.** An amended complaint would likely include defendants Katz Law Firm, Richard Katz, James Neeld, Kraft Law, and Eric Kraft (the "Law Firm Defendants").

**9.** Further, of the ten counts asserted in the *Second Amended Petition for Damages*, the Trustee anticipates that an amended complaint will not contain some of these Counts.

**10.** An amended complaint to remove settled defendants, now irrelevant allegations, and narrow causes of action is without prejudice to the remaining Law Firm Defendants.

**11.** The Trustee now seeks entry of an Order granting the Trustee 21 days to file an amended complaint or notice of moving forward on the present complaint. Entry of same will aid in administration of this case.

DATED this 3rd day of September 2024.

*/s/ David S. Jennis*
David S. Jennis
Florida Bar No. 775940
**JENNIS MORSE**
606 E. Madison Street
Tampa, Florida 33602
E-Mail: djennis@jennislaw.com
mstavors@jennislaw.com
ecf@jennislaw.com
Telephone: (813) 229-2800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF electronic service to those parties that receive notice via CM/ECF in the ordinary course of business on this 3rd day of September 2024.

*/s/ David S. Jennis*
David S. Jennis